[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR CONTEMPT, NO. 112 DEFENDANT'S MOTION FOR CONTEMPT, NO. 113
The marriage of the parties was dissolved on August 29, 2000. At that time, the parties entered into a Separation Agreement which was incorporated by reference into the decree and its provisions became the orders of the court. Paragraphs 27 and 28 of that agreement state as follows: CT Page 1849
 27. The husband shall immediately transfer to the wife by way of a Qualified Domestic Relations Order or nontaxable rollover a one-half interest in the following: GE Savings and Security 401(k) Plan in the approximate amount of $945,000, U.S. Savings Bonds 401(k) in the approximate amount of $1,300. The husband shall be exclusively entitled to his GE Executive Deferred Savings in the approximate amount of $18,000, and GE Voluntary Pension Plan in the approximate amount of $7,000. The husband shall transfer to the wife a one-half interest in his GE Pension Plan (Contributory) in the approximate amount of $65,000, Janus Twenty IRA in the approximate amount of $55,000 and American Century Growth IRA in the approximate amount of $29,000. Said assets with their approximate current values are set forth on Schedule A attached hereto. Relative to Paragraphs 27 and 28, the husband shall prepare at his expense all Qualified Domestic Relations Orders.
 28. The wife shall immediately transfer to the husband by way of a Qualified Domestic Relations Order or nontaxable rollover a one-half interest in the Janus Fund IRA in the approximate amount of $22,000, and an additional sum of $2,850 from said IRA. Said IRA with its approximate current value is set forth on Schedule A attached hereto.
Schedule A named the assets and their values as of August 29, 2000. It listed the approximate dollar amount of each asset to be allocated to each party.
At oral argument plaintiff's counsel claimed that the defendant did not prepare the "Qualified Domestic Relations Orders" (QDROs) as agreed in a handwritten portion on page 16 of the separation agreement. The defendant's counsel claimed that the defendant relied on the questions posed to the plaintiff by her attorney at the final hearing in which counsel asked the plaintiff ". . . and we'll do a qualified domestic relations order. . . . that's your understanding?"[1] The plaintiff said "Yes." Subsequent to the final hearing, the plaintiff terminated her relationship with her attorney. She did not prepare the QDROs. In the interim, the values of the assets declined. Mrs. Page seeks to have the values of the assets as they appear in her column on Schedule A assigned to her. Mr. Page seeks to transfer one-half the value of assets as reduced by market fluctuations. In his Motion for Contempt Mr. Page CT Page 1850 asserts that Mrs. Page failed to transfer a one-half interest in the Janus Fund to him.
The court concludes the separation agreement of the parties clearly sets forth that Mr. Page is to prepare the orders. He did not move to articulate the order of the court which incorporated the judgment by reference into the decree. The court did not incorporate the transcript
by reference into the decree. Marital property is valued as of the date of the dissolution. Zern v. Zern, 15 Conn. App. 282, 286 (1988). Defendant's counsel argues that these values are approximate and that therefore, the plaintiff is to receive a portion equal to the defendant's as of the date of distribution.
The court does not agree. The defendant agreed to prepare the orders at his expense in the separation agreement. The transfer was to occur "immediately." With the understanding that document preparation will begin within a reasonable time to effectuate the transfers. Therefore, as to paragraphs 27 and 28 of the Separation Agreement, the court orders that values be determined as of the sixtieth day from the date of the dissolution, a date the court considers reasonable for the preparation and execution of the necessary documents. Each party shall fulfill his/her respective obligation to transfer his/her interests accordingly based on the values determined as of the sixtieth day from August 29, 2000, regardless of their values on the date of distribution.
The court does not find the plaintiff in contempt and denies Motion 113. The court grants Motion 112 and finds the defendant in contempt for failure to prepare the QDROs to accomplish the requirements of paragraphs 27 and 28. The court awards the sum of $750 in attorney's fees to the plaintiff.
SANDRA VILARDI LEHENY